Tilghman C. J.
M'Pherrin the plaintiff below brought his. action on the case against Dean on a special assumpsit. The first count is founded on the defendant’s promise to pay the plaintiff the amount of a bond in which a certain John, M'Cracken was bound to the plaintiff in the sum of 30/. 9s. 3d. lawful money of Pennsylvania. The second count sets forth, that the defendant promised to pay to the plaintiff “ two “ bonds which he, the said plaintiff, had in his possession exe- “ cuted by the said John M1-Crac ken, to him," (without mentioning the date or amount of either of the bonds.) The third and fourth counts are upon promises of the defendant to pay to the plaintiff the several sums of two hundred dollars lawful money of the United States. The plaintiff’s evidence went to the proof of the second count only, but the bonds referred to in that count were not produced, nor was there any proof of their being destroyed or lost. Upon this the counsel for the defendant prayed the Court for their opinion, that the plaintiff ought not to recover, but the Court were of opinion, that it was not necessary to produce the bonds.
The declaration was drawn very, loosely, to say the least of it, in not describing the bonds with greater certainty. After a verdict we might perhaps presume, that this defect was remedied by producing the bonds on the trial. But it now appears they were not produced, and therefore the jury were precluded'from the proper-evidence to enable them to find a verdict. There are many reasons why the production of these bonds *69 was indispensable. They were the evidence which the nature of the case required. It might have appeared by re-' ceipts, indorsed upon them, that part of the money had been paid. And the withdrawing of them gives rise to a suspicion, that they may have been satisfied by McCracken, the obligor, and delivered up to hion. This is a stronger case than an action on a promissory note, where, although the defendant suffers judgment to go against him by default yet, the note must be produced before the jury of inquiry, who are to assess the damages. Then the declaration sets forth the date of the note, the amount, and the time of payment. Here all these circumstances are omitted. I see not how it was possible for the jury to assess the damages in this case with any degree of certainty; whereas, had the bonds been produced, all would have been clear, so far as related, to the amount to be recovered. Whether the promise to pay those bonds was proved, is a matter with which we have nothing to do. After the verdict we must suppose that it was proved, and therefore, I am sorry to be obliged to send this case back for another trial. Whether it may eventuate in a similar verdict, with increased costs, is for the defendant’s consideration. But he has a right to insist on the law. I am of opinion, that error appears on the record, and therefore, the judgment must be reversed, and a venire de novo awarded.
Ye ates J. absent.
Brackenridge J. concurred.
Judgment reversed, and a venire de novo awarded.